IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LUIS JIMENEZ GONZALES,

              Plaintiff,              Civil No. 09-932-CL

            v.                   ORDER[1]

DESCHUTES COUNTY, et al.,

              Defendants.

CLARKE, Magistrate Judge.

     Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 43 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated as a pre-trial detainee in the Deschutes County Jail. Specifically, plaintiff alleges that officials at the jail subjected him to unlawful punishment and retaliation for his participation in the institution grievance process.

---

[1]All parties have consented to jurisdiction by U.S. Magistrate Judge (#32).

1 - ORDER

Plaintiff's complaint can be liberally construed as also alleging or attempting to allege claims under Oregon state law.

Defendants now move for summary judgment. (#42)

The relevant facts are as follows: Plaintiff was detained at the Deschutes County Jail from June 12, 2008 until February 20, 2009 and from April 9, 2009 to April 28, 2009.

The Deschutes County Jail has a grievance system in place and inmate complaints about conditions of confinement or staff misconduct are subject to the grievance process. Jenkins Declaration (#47) ¶¶ 5, 7. The grievance process has five steps and three levels of appeal. The process is completed upon review by the sheriff. Id. The grievance process is summarized in the Inmate Manual which is provided to each inmate. Id., ¶ 6.

Plaintiff filed numerous grievances during his incarceration at the Deschutes County Jail and exhausted the process on five occasions summarized in the Jenkins Declaration (#47) ¶ 8.

The Inmate Manual specifically advises inmates that grievances must relate to an issue that affects the inmate personally and that grievances may not be raised on behalf of other inmates. Jenkins Declaration (#47) exhibit RJ-2. Plaintiff was advised of this limitation orally and in

writing. Van-Der-Zwiep Declaration (#48) ¶ 6-7. However, plaintiff continued to pursue "third party" grievances that he did not have "standing" to bring. Id., Jenkins Declaration (#47) ¶ 10.

If an inmate is determined to have participated in the grievance process in bad faith, has filed frivolous grievances, or grievances intended to harass, annoy or divert staff attention, the inmate may be classified as a grievance abuser. Jenkins Declaration (#47) Exhibit RJ-1, p. 13 -14. A grievance abuser is limited to filing one non-emergency grievance per week for a definite period not to exceed six months. Id.

Plaintiff was classified as a grievance abuser on August 15, 2008. The decision to classify plaintiff as a grievance abuser was made by Lt. Van-Der-Zwiep. Van-Der-Zwiep Declaration (#48) ¶ 1. Lt. Van-Der-Zwiep notified plaintiff in writing of the restriction. Van-Der-Zwiep Declaration (#48) ¶ 13. Plaintiff did not pursue a grievance related to his classification as a grievance abuser. Id.

Inmates who fear retribution due to a grievance may submit a "confidential" grievance. Jenkins Declaration (#47) ¶ 7, Exhibit RJ-1 p. 11-12. The Inmate Manual tells inmates how to submit a confidential grievance. Id., ¶7. Plaintiff did not submit any confidential grievances while he was

incarcerated.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See, Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000). Exhaustion must be proper, meaning a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing a suit in federal court. Woodford v. Ngo, 548 U.S. 81 (2006).

In this case, plaintiff complains that he was "denied his right to freely file (grievances)" and that he was punished in retaliation for his grievance activity. Complaint (#11 ¶ 8, 9.

As noted above, plaintiff pursued five grievances to the final level of exhaustion while he was an inmate at the Deschutes County Jail. Those grievances are attached to the Jenkins Declaration as Exhibits RJ-3 through RJ-7. Each of the grievances plaintiff exhausted are complaints about general jail policies affecting all inmates. None of the grievances that plaintiff pursued to exhaustion touch on

plaintiff's claims in this lawsuit or provide notice to defendants that plaintiff believed he was being retaliated against for filing grievances. Specifically, plaintiff did not exhaust any grievance based on a claim that he was being kept in solitary or otherwise punished for filing grievances or challenge his classification as a grievance abuser. [2]

In some circumstances where the grievance process or a step of the process is "effectively unavailable" an inmate may file suit without having exhausted all the steps of the process. Sapp v. Kimball, 623 F.3d 813, 823 (9th Cir. 2010). Three conditions must be satisfied before a plaintiff's failure to exhaust will be excused due to "effective unavailability" of a grievance step. First, the prisoner must take "reasonable and appropriate steps" to exhaust. Second, in spite of the reasonable and appropriate steps the prisoner must be prevented from exhausting. Third, such prevention must not be due to the prisoner's actions, but due to the actions of prison officials. Nunez v. Duncan, 591 F.3d 1217 (9th Cir. 2010).

In this case, plaintiff has not established that the grievance process was "effectively unavailable" to him or that he was prevented by jail officials from participating in the

---

[2] An inmate's classification as a grievance abuser is subject to the grievance process. Jenkin's Declaration (#47) ¶7 7.

process.  Even after plaintiff was classified as a grievance abuser, the grievance process was still available to him - albeit on a limited basis. Jenkins Declaration (#47) exhibit RJ-9.

Plaintiff's claims of retaliation are likewise insufficient to excuse his failure to exhaust.  As noted above, the jail has established a confidential grievance process to accommodate inmates who reasonably fear retribution for pursuing a grievance.

Plaintiff has failed to pursue a grievance related to his classification as a grievance abuser and failed to pursue any grievance based on punishment in retaliation for his grievance activity.  The undisputed facts establish that plaintiff did not exhaust (or even initiate) administrative remedies available to him respecting these issues.   Therefore, plaintiff's claims are barred by the PLRA and defendants are entitled to summary judgment.[3]

In the "Nature of the Action" section of plaintiff's complaint, plaintiff alleges that his intent is to bring

---

[3]If the district court concludes that  the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  Waytt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). However, in this case, plaintiff is no longer incarcerated at the Deschutes County Jail.  He did not properly exhaust administrative remedies as to his claims and cannot now do so. Accordingly, the "abatement" procedure is not relevant. Moreover, as noted above, there are other grounds on which to allow defendants motion.

federal claims against defendants.  However,, in subsequent paragraphs plaintiff alleges to be entitled to recovery due to "negligence" and "intentional infliction of emotional distress."  He also complains generally that jail officials too and destroyed his personal property.  Plaintiff's allegations in this regard may be liberally construed as alleging or attempting to allege claims under Oregon State law.

The Oregon Tort Claims Act [OTCA] provides the exclusive remedy for pursuing a tort claim against a public body or claims against public employees acting within the course and scope of their employment.  ORS 30.260 - 300.  The OTCA requires plaintiffs to provide notice of claim within 180 days after an alleged injury.  ORS 30.275(2)(b).  Pleading and proof of notice are mandatory and a condition precedent to recovery under the OTCA. Beaver v. Pelett, 299 Or. 664, 671, 705 P.2d 1149, 1152 (1985); Brinkley v. Oregon Health Sciences University, 94 Or App 531, 537, 766 P.2d 1045, 1049 (1988).

Plaintiff has not alleged compliance with the OTCA in his complaint and the undisputed Declaration of Connie Scorza establishes that plaintiff did not provide defendants with notice under the OTCA.  Scorza Declaration (#45) ¶ 2.

Therefore, to the extent that plaintiff's allegations can be construed as alleging ancillary state law claims,

defendants are entitled to judgment as a matter of law as to the possible claims.

Because I find that the failure to exhaust remedies as required by the PLRA is dispositive of plaintiff's federal claims and lack of tort claim notice as required by the OTCA is dispositive of plaintiff's possible state law claims, it is not necessary to address defendants other arguments in detail.

However, I noted for the record that plaintiff's Eighth Amendment claim fails as a matter of law because plaintiff was a pre-trial detainee at the time giving rise to his claims.

Plaintiff's official capacity claims and *Monell* claims against Deschutes County fail because plaintiff has failed to establish that the alleged conduct complained of was pursuant to a custom or policy of Deschutes County. To the contrary, the record reflects that official jail policy prohibits any kind of punitive action against an inmate outside the formal disciplinary process and after a due process hearing. Jenkins Declaration (#47) Exhibit RJ-13, p. 2.

I find that even if plaintiff were able to establish some slight impingement of his constitutional rights as a result of defendants' alleged conduct, defendants are entitled to qualified immunity from liability to plaintiff because their conduct did not violate a clearly established statutory or constitutional right of which a reasonable person would have

known.   Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982);

Saucier v. Katz, 533 U.S. 194, 200 (2001). Plaintiff's request

for injunctive relief is moot because he is no longer

incarcerated at the Deschutes County Jail.

Based on all of the foregoing I find that there are no

genuine issues of material fact remaining in this case and

that defendants are entitled to judgment as a matter of law.

Defendant's Motion for Summary Judgment (#42) is allowed.

This action is dismissed.


IT IS SO ORDERED

DATED this 28 day of September, 2011.

Mark D. Clarke
United State District Judge


9 - ORDER